UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                             Case No. 3:11-bk-5348-JAF

MONTAGUE KENNETH MCMILLAN                Chapter 13
and TERRIE LYNN MCMILLAN,

    Debtors.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon Motion for Approval of Settlement (Doc. 53) and Trustee's Objection to Motion for Approval of Settlement (Doc. 54). The Court conducted a hearing on the matter on February 9, 2015 and elected to take the matter under advisement. The Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On July 21, 2011, Debtors filed a Chapter 13 bankruptcy petition. Prior to the filing of the petition, during the fall of 2010, Mr. McMillan, along with a business partner, created Grant Karvonen, LLC, (the "LLC"), an entity which does business as the Auto Salon. The Auto Salon is a full service collision repair center as well as a paint and body shop. Mr. McMillan provided $30,000.00 in funds to start the business, $25,000.00 of which was for equipment and $5,000.00 of which was the first month's rent on the building. The source of the $30,000.00 in funds was Mr. McMillan's IRA. Mr. McMillan's business partner did not invest any funds in the LLC. Mr. McMillan owns a 49% interest in the LLC.

1

From the fall of 2010 until the fall of 2013, the Auto Salon struggled financially because it did not receive referrals from insurance companies. As a result, while the Auto Salon could pay its bills, it did not pay Mr. McMillan a salary. Consequently, Debtors withdrew funds from their IRAs in order to pay their living expenses. In the fall of 2013, the Auto Salon became an authorized repair shop for State Farm Insurance and had the ability to pay Mr. McMillan and his business partner a salary. In March of 2014, Mr. McMillan's business partner removed him as a partner from the LLC.

On Schedule B of Debtors' bankruptcy petition, which required Debtors to list their personal property, Mr. McMillan listed an interest in an IRA valued at $169,778.40. On Schedule C of Debtors' bankruptcy petition, which permitted Debtors to claim property as exempt, Mr. McMillan claimed his interest in the IRA as exempt. The $169,778.40 value listed on Schedules B and C did not include the funds Mr. McMillan had invested in the LLC. On Schedule B of Debtors' bankruptcy petition, Mr. McMillan listed his interest in "Grant Karvonen, LLC d/b/a the Auto Salon" and valued that interest at 0. Mr. McMillan did not claim his interest in the LLC as exempt on his bankruptcy schedules.

## Conclusions of Law

By virtue of the Motion for Approval of Settlement, Debtors seek to sell Mr. McMillan's interest in the LLC to his business partner for $18,082.00. Debtors do not appear to dispute that the proceeds from the sale of the LLC are property of their bankruptcy estate but assert that the proceeds are exempt and should therefore be refunded to them after the payment of attorney's fees and costs. The Chapter 13 Trustee

objects, contending that the proceeds are not exempt and should be paid to Debtor's unsecured creditors, who are only receiving approximately 3.5% of what they are owed.

The commencement of a bankruptcy case creates an estate that is comprised of all property in which a debtor has a legal or equitable interest as of the petition date. 11 U.S.C. § 541(a)(1). Section 522 of the Bankruptcy Code allows a debtor to retain assets, which are exempt from the bankruptcy estate. Section 522 permits a debtor to use the exemptions set forth in § 522(d) or the exemptions permitted by state and local law as authorized by § 522(b)(3)(A). Florida has opted out of the federal exemption scheme and requires bankruptcy debtors to claim only those exemptions permitted by state law and property listed in § 522(d)(10). Fla. Stat. § 222.20, 222.201.

Debtors argue that the proceeds are exempt pursuant to § 222.21(2), which provides in pertinent part that "any money or other assets payable to an owner, a participant, or a beneficiary from, or any interest of any owner, participant, or beneficiary in, a fund or account is exempt from all claims of creditors of the owner, beneficiary, or participant if the fund or account is ... exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, [or] s. 408A ... of the Internal Revenue Code..." Citing to In re Ladd, 258 B.R. 824 (Bankr. N.D. Fla. 2001), Debtors argue that the IRA proceeds which Mr. McMillan invested in the LLC did not lose their exempt status when they were withdrawn from Mr. McMillan's IRA. In Ladd, the debtor's employment was terminated. Id. at 826. As a result, the debtor's 401k was required to be distributed within sixty days after the end of his employment. Id. The debtor deposited the 401k proceeds into a checking account. Id. Shortly thereafter the debtor filed a Chapter 7 bankruptcy petition and on his Schedule C claimed the funds in the checking account as

3

the exempt proceeds of the 401k account pursuant to Fla. Stat. 222.21(2). Id. The Trustee objected to the exemption. Id. The court held that the funds were exempt despite having been deposited into a checking account. Id. at 827. The instant case is clearly distinguishable from Ladd for the obvious reason that while Mr. McMillan used funds from his exempt IRA to invest in the LLC, Mr. McMillan, unlike the debtor in Ladd, did not claim his interest in the business as exempt on his bankruptcy schedules.[1] The proceeds from the sale of Mr. McMillan's interest in the LLC are not exempt.

The remaining issue is whether the proceeds are disposable income. Neither party submitted evidence as to that issue. Accordingly, the Court will schedule an evidentiary hearing on that issue. The Court will approve the sale but will direct that the proceeds be held in Debtors' attorney's trust account pending the outcome of that hearing. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

**DATED** this 4 day of May, 2015 at Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

---

[1] This is not to suggest that Mr. McMillan's interest in the LLC would have been exempt if he had claimed it as exempt on his schedules. The Court makes no determination as to that issue.

4